■ INTERNATIONAL CONTRACT FURNISHINGS, INC., Respondent-Appellant, v PETER S. KALIKOW, Appellant-Respondent.— Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered February 6, 1990, which, as modified *sua sponte* by order entered March 1, 1990, denied defendant's motion for summary judgment and plaintiff's cross motion for summary judgment, unanimously affirmed, with costs payable to International Contract Furnishings, Inc.

In November 1988, defendant's architect contacted plaintiff about ordering custom-made cabinets, to be manufactured in Italy, for a house to be constructed. By a stamped impression on the drawings, plaintiff notified the architect that "our

current lead time is 16-18 weeks from receipt of approved drawings, full appliance specifications and 50% deposit". In January 1989, the defendant's architect submitted to plaintiff a $98,536.23 purchase order in defendant's name for fabrication, delivery and installation of kitchen and pantry cabinets. A printed term on defendant's purchase order states: "THE TIMES FIXED HEREIN FOR DELIVERY OR COMPLETION ARE OF THE ESSENCE".

A check representing the balance of a $36,284 deposit was received by plaintiff on January 24, 1989. The cabinets arrived in New Jersey on June 1, 1989. The same day, the defendant's attorneys delivered a letter to plaintiff canceling the contract on the ground that plaintiff failed to timely perform. Plaintiff sued for the balance of the contract price, and defendant counterclaimed for return of his down payment.

Chapter 345 of the Suffolk County Code provides that contracts made by unlicensed home improvement contractors are voidable at the option of the purchaser, but section 345-16 excepts from the definition of "HOME IMPROVEMENT CONTRACTING" the "construction of a new home". The work that plaintiff contracted to perform fairly constituted part of the construction of defendant's new home, and was without the statute.

We find the record presents issues of fact as to whether plaintiff performed within a reasonable time under UCC 2-309, and whether the cabinets might be resold at a reasonable price under UCC 2-709. Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.